IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISCTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:23-DV-595-D

| | | |
|---|---|---|
| MICHAEL DIB, *on behalf of himself and all others similarly situated*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| F4L SPORTS, INC., PERK FITNESS OF SPRING LAKE, INC., FIT4LIFE FRANCHISING, INC., PAUL HUMPHREYS, and EDWARD SMITH, | ) ) ) ) ) ) | **(JURY TRIAL DEMANDED)** |
| Defendants. | ) ) | |

COMES NOW, Plaintiff Michael Dib ("Plaintiff"), on behalf of himself and all others similarly situated (collectively, "Putative Class Members"), by and through undersigned counsel, and hereby sets forth his First Amended Class Action Complaint against his previous employers, Defendants F4L Sports, Inc., Perk Fitness of Spring Lake, Inc., Fit4Life Franchising, Inc., Paul Humphreys, and Edward Smith (collectively, "Defendants"), and alleges as follows.

## PRELIMINARY STATEMENT

**1.** Defendants have a systemic policy, pattern, or practice of failing to pay their Sales Manager employees at the appropriate statutory rate for hours worked in excess of forty (40) each week at a rate of one-and-one-half (1.5) their regular rate of pay, in direct violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C.G.S. §§ 95-25.1 *et seq*.

**2.** This action is brought individually and as a class action under the NCWHA for unpaid overtime compensation, payment of all owed and promised wages, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law. *Id*.

## JURISDICTION & VENUE

**3.** The foregoing allegations are incorporated by reference and realleged herein.

**4.** This Court has jurisdiction over the parties and this action pursuant to N.C.G.S. § 95-25.22(b).

**5.** Venue is proper under N.C.G.S. § 1-80 in that the events giving rise to this cause of action arose in Cumberland County, North Carolina; all Defendants either conduct business or

maintain a place of business in Cumberland County, North Carolina; and all Defendants regularly engaged in business as part of Defendants' enterprise as defined in N.C.G.S. § 95-25.2(18) operating in Cumberland County, North Carolina.

## PARTIES

6.      The foregoing allegations are incorporated by reference and realleged herein.

7.      Plaintiff Michael Dib is an adult citizen and resident of Cumberland County, North Carolina, who was employed by Defendants as a Sales Manager in two of Defendants' gym locations in Cumberland County from March 1, 2023, until April 30, 2023.

8.      Defendant F4L Sports, Inc., d/b/a/ "Fit4Life Health Club" ("F4L"), is a North Carolina corporation formed in 2016. Defendant F4L's principal office is located at 2803 Fort Bragg Road in Fayetteville, Cumberland County, North Carolina 28303. Plaintiff worked at this principal office location.

9.      Defendant Perk Fitness of Spring Lake, Inc. ("Perk Fitness"), is a North Carolina corporation formed in 2011. Defendant Perk Fitness' principal office is located at 3266 Ray Road in Spring Lake, Harnett County, North Carolina 28303. Plaintiff's former workplace is located at 668 Shell Drive in Spring Lake, Cumberland County, North Carolina 28390.

10.      Upon information and belief, F4L and Perk Fitness are both owned and operated by Defendant Fit4Life Franchising, Inc. and Defendants Paul Humphreys and Edward Smith.

11.      Defendant Fit4Life Franchising, Inc. ("F4L Franchising") is a North Carolina corporation formed in 2012. Defendant F4L Franchising's principal office is located at 129 Hollings Court in Newport, Carteret County, North Carolina 28570.

12.      Defendant Paul Humphreys ("Humphreys") is the individual serving as the President of F4L, the Vice President of Perk Fitness, and the Vice President of F4L Franchising. Defendant Humphreys is a North Carolina citizen and resident located at 3021 Cranesbill Drive in Raleigh, Wake County, North Carolina.

13.      Defendant Edward Smith ("Smith") is the individual serving as the President of Perk Fitness and the President of F4L Franchising. Defendant Smith is a North Carolina citizen and resident located at 129 Hollings Court in Newport, Carteret County, North Carolina 28570.

14.      During the three years immediately preceding the date this action was filed (the "relevant time period"), Defendants jointly employed no fewer than thirty individuals in the same or materially the same employment capacity as Plaintiff as part of the business enterprise operated and managed by Defendants. *See* N.C.G.S. § 95-25.2(18).

15. During the relevant time period, each Defendant was an employer, joint employer, and member of an integrated common enterprise that employed Plaintiff and Putative Class Members pursuant to the NCWHA in that each Defendant (or its agents):

   a. Controlled the work performance of Plaintiff and Putative Class Members;

   b. Received the benefit of Plaintiff and Putative Class Members' labor; and

   c. Maintained and exercised significant direct and/or indirect operational control over day-to-day business operations and employment-related decisions, including hiring, firing, disciplining, and otherwise controlling Plaintiff and Putative Class Members by, *inter alia*, supervising and directing their conduct, appearance, and compensation.

16. Accordingly, the Putative Class Members for the NCWHA class action are individuals who: (1) have been employed by Defendants as a Sales Manager; (2) were unlawfully deprived of their earned overtime compensation; (3) at any time within the relevant time period.

## FACTUAL ALLEGATIONS

17. The foregoing allegations are incorporated by reference and realleged herein.

18. On or about March 1, 2023, Plaintiff was hired by Defendants as a salaried Sales Manager. Over the course of his employment, Plaintiff worked in two gym locations: Spring Lake and Fort Bragg Road in Cumberland County, North Carolina.

19. A Sales Manager's primary duties include managing and directing gym employees in selling and maintaining new memberships, marketing, cleaning, and interacting with gym patrons.

20. Upon being hired, Plaintiff was made to review and sign an employment contract that, upon information and belief, are utilized by Defendants in hiring all employees.

21. Plaintiff was compensated with a payment $925.00 twice per month, totaling approximately $462.50 per week. Plaintiff also understood that he would have the opportunity to receive commission based on the number of memberships sold that were retained for at least 90 days.

22. However, Plaintiff's "salary" was dependent on working 40 hours per week during each two-week pay period. Plaintiff was required to clock-in and clock-out for each shift, and when he fell below that requirement, he received receive a proportionately lowered rate of pay—not his $925.00 salary.

23. Conversely, when he worked *more* hours than 40 in a given week (which he consistently did), Plaintiff never received any overtime compensation.

24. The NCWHA does exempt certain categories of employees from receiving overtime compensation, including "[a]ny person employed in a bona fide executive, administrative, professional, or outside sales capacity, as defined under the Fair Labor Standards Act[.]" N.C.G.S. § 95-25.14(b)(4).

25. Generally, an employee is a bona fide executive if they receive "a predetermined and fixed salary" of at least $684.00 per week "that does not vary with the precise amount of time he works." *Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 45 (2023) (cleaned up); *see also* 29 C.F.R. § 541.600(a)-(b).[1] "If that standard is met, the employee has no right to overtime wages." *Id*. at 44.

26. However, even when Plaintiff met or exceeded the minimum hour requirement and received his full "salary" of $462.50 per week, he plainly did not fit the "bona fide executive" exemption from overtime compensation.

27. Moreover, when he did not meet or exceed the minimum hour requirement, his weekly compensation was even less than the $684.00 per week required for the exemption.

28. Overall, Plaintiff's average weekly compensation was approximately $365.00 per week—far below the $684.00 weekly minimum.

29. Upon information and belief, Defendants utilize the same general pay structure described *supra* for all their "salaried" and "executive" employees, including Plaintiff and Putative Class Members, to intentionally evade their obligations under the NCWHA.

30. In carrying out his supervisory duties as Sales Manager, Plaintiff communicated with at least two other employees who were not receiving their full, agreed-upon compensation from Defendants, including one other "salaried" executive who was not being paid for overtime work and not receiving sufficient compensation to be an exempt executive.

31. Upon meeting with superiors to discuss the pay discrepancies, Plaintiff received a negative reaction for discussing compensation with other employees and was told that even if a correction was made, no backpay would be issued and no employees would receive their unpaid wages.

32. Upon information and belief, Defendants the same operational approach described *supra* in hiring, managing, and compensating their "salaried" and "executive" employees,

---

[1] "Where the [state] legislature has adopted the language or terminology of the Fair Labor Standards Act…or has incorporated [it] by reference, the Department of Labor will look to the [federal] judicial and administrative interpretations and rulings," such as 29 C.F.R. § 541.600(a)-(b), "as a guide for interpreting the North Carolina law." 13 NCAC 12.0103. Similarly, North Carolina courts look to those federal statutes, regulations, and cases as guidance in interpreting and ruling on the NCWHA. *See, e.g., Whitehead v. Sparrow Enter. Inc.*, 605 S.E.2d 234, 237 (N.C.App. 2004) (before utilizing Title 29 of the Code of Federal Regulations to rule on the plaintiff's NCWHA claims).

including Plaintiff and Putative Class Members, to intentionally evade their obligations under the NCWHA.

33. The work performed by Plaintiff and Putative Class Members was integral to all Defendants, and all Defendants directly or indirectly exerted control over Plaintiff and Putative Class Members.

34. Defendants willfully violated Plaintiff and Putative Class Members' statutory rights under the NCWHA, resulting in damages in the form of unpaid and misappropriated overtime wages, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

## COMMON CLASS ACTION ALLEGATIONS

35. The foregoing allegations are incorporated by reference and realleged herein.

36. Pursuant to Rule 23, Plaintiff brings this action individually and on behalf of the **Proposed Class**:

> All persons who (1) are or have been employed by Defendants as Sales Managers, or some similar title; (2) within the three years preceding this lawsuit; and who were neither (3) compensated with a fixed salary; nor (4) paid overtime compensation as required by the NCWHA.

37. Excluded from the proposed Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendants and any entity in which Defendants have a controlling interest in any Defendant and their legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the proposed Class.

38. *Commonality*: All questions concerning Defendants' compensation policies are common. Whether Defendants owe, or are required to pay overtime compensation to Plaintiff and the Proposed Class are common. Plaintiff and all members of the Proposed Class are subject to Defendants' compensation policies and procedures. Further, the answer to this question will drive other answers in the litigation, including whether Defendants' failure to pay overtime wages to Plaintiff and the Proposed Class violates the NCWHA.

39. *Predominance*: Because Defendants have an established pattern, practice, and policy of unlawfully failing to pay overtime compensation to Plaintiff and the Proposed Class, common questions of law and fact predominate over any individual issues that may be presented, including but not limited to:

   a. Whether Defendants had policies, practices, and procedures to withhold earned and promised wages from their employees;

b. Whether Defendants had policies, practices, and procedures to improperly deem certain employees as "salaried" and exempt from overtime compensation;

c. Whether Defendants' pattern, practice, and policy of failing to pay overtime wages violates the NCWHA; and

d. Whether Defendants' pattern, practice, and policy of failing to pay overtime wages was not made in good faith and with reasonable grounds for believing that the act or omission was not in violation of the NCWHA.

40. *Numerosity*: The Proposed Class Members are so numerous that joinder of all is impractical. The names and addresses of the Proposed Class Members are readily identifiable through the business records maintained by Defendants, and may be notified of the pendency of this action by published and/or mailed notice. Upon information and belief, Members of the Proposed Class include at least thirty present and former employees of Defendants who had their earned wages lawfully withheld.

41. *Typicality*: Plaintiff's claims are typical of the claims of the Proposed Class in that all are based on the same facts and legal theories, and all such claims arise out of Defendants' unlawful conduct resulting from their specific policy of failing to pay overtime wages.

42. *Adequate Representation*: Plaintiff is an adequate representative of the Proposed Class. He has no antagonistic or conflicting claims with other Proposed Class Members. Plaintiff has retained counsel experienced in the prosecution of complex class actions and wage and hour litigation. Neither Plaintiff nor his counsel have any interests that may cause them not to vigorously pursue this action. Plaintiff is aware of the responsibilities to the Proposed Class and has accepted such responsibilities.

43. *Superiority*: A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff anticipates no difficulty in managing and maintaining this action as a class action. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
### Violations of the North Carolina Wage and Hour Act,
### N.C.G.S. §§ 95-25.1 *et seq.*

44. The foregoing allegations are incorporated by reference and realleged herein.

45. At all times during the relevant time period, Defendants have employed and/or continue to employ Plaintiff and Putative Class Members within the meaning of the NCWHA, and within the State of North Carolina.

46. Under the NCWHA "[e]very employer shall pay each employee who works longer than 40 hours in any workweek at a rate of not less than time and one half [(1.5)] of the regular rate of pay of the employee for those hours in excess of 40 per week," unless the employee is "a bona fide executive…as defined under the [FLSA]." N.C.G.S. §§ 95-25.4(a); 95-25.14(b)(4).

47. Determining whether an employee is "employed in a bona fide executive capacity" and thus exempt from overtime compensation is a conjunctive test—the employee must: (1) be "[c]ompensated on a salary basis…at a rate of not less than $684 per week[;]" (2) have "management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision" as their primary duty; (3) "customarily and regularly [direct] the work of two or more other employees;" and (4) possess "the authority to hire or fire other employees," or at least their opinions "as to the hiring, firing, advancement, [or] promotion…of other employees are given particular weight." 29 C.F.R. § 541.100(a); *see also* 29 C.F.R. § 541.600(a).

48. Generally, an employee is paid on a "salary basis" when they are regularly and periodically paid "a predetermined amount constituting all or part of [their] compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a).

49. "[A]n exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." 29 C.F.R. § 541.602(a)(1) (emphasis added).

50. Here, because they were compensated based on the hours they worked, Plaintiff and Putative Class Members were not compensated on a salary basis.

51. Therefore, Plaintiff and Putative Class Members were not bona fide executive employees exempt from overtime compensation under the NCWHA and should have been paid overtime whenever they worked more than 40 hours per week.

52. Accordingly, Defendants knew or should have known that Plaintiff and Putative Class Members were *not* exempt under the NCWHA and were owed overtime compensation for all hours worked in excess of 40 hours per week.

53. As employers under the NCWHA, Defendants are required to "pay every employee all wages accruing to the employee on the regular payday," including Plaintiff and Putative Class Members. N.C.G.S. § 95-25.6.

54. Defendants unlawfully withheld overtime compensation from all their "salaried" and "executive" employees, including Plaintiff and Putative Class Members in direct violation of the NCWHA.

55. As a result of Defendants' unlawful policies and practices, Plaintiff and Putative Class Members have been deprived of compensation due and owing.

56. Based on the foregoing allegations, Defendants have continuously, willfully, and intentionally violated the NCWHA by failing to comply with the statutory requirements for overtime compensation and then failing to pay Plaintiff and Putative Class Members their fully earned wages.

57. Defendants' acts and omissions as alleged herein were not made in good faith, nor were they made with reasonable grounds for believing that their acts and omissions were in compliance with the NCWHA.

58. As a direct and proximate result of Defendants' violations of the NCWHA, Plaintiff and Putative Class Members have been damaged in an amount in excess of $25,000.00.

59. Due to Defendants' intentional and willful violations of the NCWHA, Plaintiff and Putative Class Members are entitled to recover liquidated damages in the amount of the unpaid wages, attorneys' fees, and all costs of this action, pursuant to N.C.G.S. § 95-25.22.

60. As such, Plaintiff and Putative Class Members seek to recover from Defendants the following damages:

   a. Misappropriated and/or unlawfully withheld overtime wages;

   b. Liquidated damages in an equal amount;

   c. Reasonable attorneys' fees and costs;

   d. Prejudgment interest; and

   e. All other legal and equitable relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
**Declaratory Judgment and Request for Permanent Injunction.**

61. The foregoing allegations are incorporated by reference and realleged herein.

62. Under the North Carolina Declaratory Judgment Act, "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." N.C.G.S. § 1-253.

63. There exists an actual controversy between the parties regarding Defendants' continuous practice of withholding overtime compensation from non-exempt employees, including Plaintiff and Putative Class Members, in direct contravention of the NCWHA.

64. As such, Plaintiff seeks a declaratory judgment that the overtime wages withheld from him and all others similarly situated were unlawful and willful violations of the NCWHA, as described *supra*.

**65.** Plaintiff further seeks to permanently enjoin Defendants from illegally withholding amounts of overtime compensation from non-exempt employees, including Plaintiff and Putative Class Members, in direct contravention of the NCWHA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court:

**a.** Assume jurisdiction over this action;

**b.** Certify this action as a class action under the NCWHA and designate Plaintiff as representative of the Proposed Class identified *supra*;

**c.** Award Plaintiff and Putative Class Members all owed wages, plus pre-judgment and post-judgment interest at the highest rate allowed by law;

**d.** Award Plaintiff and Putative Class Members liquidated damages in an amount equal to the owed wages as provided for by N.C.G.S. § 95-25.22;

**e.** Award Named Plaintiff and Putative Class Members pre- and post-judgment interest at the statutory rate, as provided by N.C.G.S. § 95-25.22;

**f.** Award injunctive relief prohibiting Defendants from continuing to withhold overtime compensation from non-exempt employees, including Plaintiff and Putative Class Members, in direct contravention of the NCWHA;

**g.** Award attorneys' fees to Plaintiff and Putative Class Members pursuant to N.C.G.S. § 95-25.22;

**h.** Tax the costs of this action to Defendants;

**i.** Allow a trial by jury on all issues so triable; and

**j.** Grant Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted on this 1st day of November, 2023.

**MAGINNIS HOWARD**

*/s/ Karl S. Gwaltney*
KARL S. GWALTNEY
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Tel:     919-526-0450
Fax:     919-882-8763
kgwaltney@maginnislaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing *Amended Complaint* with the Clerk of Court using the CM/ECF system which will send notification of the filing to all parties of record.

>/s/ Karl S. Gwaltney
>KARL S. GWALTNEY
>N.C. State Bar No. 45118
>7706 Six Forks Road, Suite 101
>Raleigh, North Carolina 27615
>Tel:    919-526-0450
>Fax:    919-882-8763
>kgwaltney@maginnislaw.com
>
>*Attorney for Plaintiff*